**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MCKENZIE POLLOCK**, on behalf of herself and others similarly situated, : : | |
| : | CASE NO. 2:23-cv-1937 |
| Plaintiff, : | |
| : | JUDGE |
| v. : | |
| : | MAGISTRATE JUDGE |
| **DUPONT SPECIALITY PRODUCTS USA, LLC**, : : | **JURY DEMAND ENDORSED HEREON** |
| c/o C T Corporation System : | |
| 4400 Easton Commons Way Suite 125 : | |
| Columbus, OH 43219, : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff McKenzie Pollock ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant DuPont Specialty Products USA, LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03, 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 because this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

**II.     PARTIES**

    **A.     Named Plaintiff**

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendant from approximately Spring 2020 until May 2023.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendant as an hourly chemical operator at its location in Circleville, Ohio from approximately Spring 2020 until May 2023. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment, Defendant did not compensate her for integral and indispensable work As a result, Named Plaintiff was not fully and properly paid for

all her hours worked in violation of the FLSA and the Ohio Acts.

8. Likewise, Defendant applied this pay practice and/or policy to its other similarly situated, hourly, non-exempt employees. These similarly situated hourly employees worked forty (40) or more hours in given workweeks. These practice and/or policy resulted in these similarly situated hourly employees not being paid all their overtime wages earned in violation of the FLSA and the Ohio Acts.

9. Named Plaintiff brings this action on behalf of herself and those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is filed alongside this Complaint as **Exhibit A**.

### B. Defendant

10. Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Southern District of Ohio.

11. Defendant is engaged in the development, production, and sale of specialty materials, chemicals, and agricultural products.

12. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and its other similarly situated hourly production employees' working conditions. Defendant exercised that authority and control over Named Plaintiff and other similarly situated hourly employees.

13. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated hourly production employees. Defendant exercised that authority and control over Named Plaintiff and other similarly situated hourly production employees.

14. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

15. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

16. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated hourly production employees to work. The work that Named Plaintiff and other similarly situated hourly production employees performed was for Defendant's benefit.

17. At all times relevant, Defendant was an employer of Named Plaintiff and other similarly situated hourly production employees as defined in the FLSA and the Ohio Acts.

18. Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

19. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the State of Ohio.

### III. FACTS

20. Named Plaintiff and Defendant's other hourly production employees are hourly, non-exempt employees who are entitled to overtime compensation.

21. Named Plaintiff and Defendant's other hourly production employees were involved in the manufacturing of various chemicals. Named Plaintiff and other similarly situated hourly

production employees would routinely handle chemicals in processing their respective products.

22. Named Plaintiff and Defendant's other similarly situated hourly production employees arrive to work prior to the scheduled start of their shifts, which was typically 6:00 a.m. for the day shift and 6:00 p.m. for the night shift.

23. Named Plaintiff and other similarly situated hourly production employees would clock in soon after arriving at work and before the scheduled start of their shifts, which usually occurred at approximately 5:40-5:45 a.m./p.m.

24. Prior to the scheduled start of their shifts but after clocking in, Named Plaintiff and other similarly situated hourly production employees would walk to their locker rooms where they were required to remove their "street" clothes and don chemical/flame-resistant safety clothing (Nomex brand) and other equipment.

25. Named Plaintiff and other similarly situated hourly production employees were required to don their safety clothing and equipment at their place of work. They were not permitted to take their safety clothing home.

26. After donning their safety clothing and equipment, Named Plaintiff and other similarly situated hourly production employees would then engage in a pass-down meeting with the previous shift's employee whom they were relieving. During this meeting, the hourly production employee being relieved would relay any necessary information about what had occurred during the previous shift and/or what needed to be accomplished during the incoming shift.

27. Named Plaintiff and other similarly situated hourly production employees would then walk to their assigned stations and were required to arrive by no later than the scheduled start of their shift having already accomplished the above tasks.

28. These pre-shift duties resulted in Named Plaintiff and other similarly situated hourly production employees performing integral and indispensable work for approximately 15-20 minutes prior to the scheduled start of their shifts.

29. Despite clocking in and beginning work that was integral and indispensable to their job duties before the scheduled start of their shifts, Defendant did not pay Named Plaintiff and other similarly situated production employees for their pre-shift work.

30. Thus, during all relevant times, Defendant failed to pay Named Plaintiff and other similarly situated hourly production employees for all overtime work performed because of its policy or practice of not paying employees for pre-shift work.

31. As a result of Defendant's companywide policy and/or practice described above, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated hourly production employees for all overtime pay that they actually earned.

32. Named Plaintiff and other similarly situated hourly production employees regularly worked more than forty (40) hours per workweek but were not at paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendant's unlawful policy or practice described above.

33. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly production employees as set forth above resulted in unpaid overtime.

34. At all times relevant herein, Named Plaintiff and other similarly situated hourly production employees were employees as defined in the FLSA and the Ohio Acts.

35. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

36. Defendant is in possession and control of necessary documents and information

from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV. FLSA COLLECTIVE ALLEGATIONS

37. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and all other similarly situated employees of the following opt-in collective:

> **All current and former hourly, non-exempt production employees of Defendant in Ohio who were paid for 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

38. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

39. During the last three (3) years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

41. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policy and/or practice described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as her own in bringing this action.

42. The identities of the putative FLSA Collective Members are known to Defendant

and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

43.  The net effect of Defendant's aforementioned policy and/or practice is that Defendant willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.    RULE 23 ALLEGATIONS

44.  Named Plaintiff brings her Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt production employees of Defendant in Ohio who were paid for 40 or more hours of work in any workweek, during the 2 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

45.  The Ohio Rule 23 Class includes all current and former hourly, non-exempt production employees employed by Defendant throughout the State of Ohio as defined above.

46.  The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

47.  Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

48.  Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

49.  Named Plaintiff has no interests that are antagonistic to or in conflict with those

interests of the Ohio Rule 23 Class that she has undertaken to represent.

50. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

51. Questions of law and fact are common to the Ohio Rule 23 Class.

52. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt hourly production employees.

53. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class.

54. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the Ohio Acts as described above; (b) whether Defendant kept accurate records of the amount of time that the Ohio Rule 23 Class Members were working each day; (c) whether Defendant's violations of the Ohio Acts were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class Members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

56. A class action is superior to individual actions for the fair and efficient adjudication

of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

59. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

60. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

61. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

62. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendant's failure to pay for pre-shift work.

63. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

64. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

65. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

66. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

67. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

68. All of the preceding paragraphs are realleged as if fully rewritten herein.

69. This claim is brought under the Ohio Wage Act.

70. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

71. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

72. Named Plaintiff and the Ohio Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime wages for all of such time spent working.

73. Defendant's policy or practice described herein impermissibly reduced Named Plaintiff and the Ohio Rule 23 Class Members' compensable hours worked, resulting in unpaid overtime.

74. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of the Ohio Wage Act.

75. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class members were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay the full amount of overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

76. For Defendant's violations of Section 4111.03, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Ohio Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

77. All of the preceding paragraphs are realleged as if fully rewritten herein.

78. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

79. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

80. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

81. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

82. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

83. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

C. Finding that Defendant failed to keep accurate records in accordance with the Ohio Wage Act and that Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

F. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

I. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

J. Issuing an Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

K. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        **COFFMAN LEGAL, LLC**

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman (0085586)
        Adam C. Gedling (0085256)
        Kelsie N. Hendren (0100041)
        Tristan T. Akers (0102298)
        1550 Old Henderson Rd.
        Suite #126
        Columbus, Ohio 43220
        Phone: 614-949-1181
        Fax: 614-386-9964
        Email: mcoffman@mcoffmanlegal.com
              agedling@mcoffmanlegal.com
              khendren@mcoffmanlegal.com
              takers@mcoffmanlegal.com

        *Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

        */s/ Matthew J.P. Coffman*
        Matthew J.P. Coffman